UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY ADAMS JR.,<br><br>             Petitioner,<br><br>     v.<br><br>WARREN MONTGOMERY, Warden,<br><br>             Respondent. | Case No. 2:19-cv-04252-FLA (JPR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, records on file, and Report and Recommendation ("R. & R.") of U.S. Magistrate Judge.  On January 13, 2022, Respondent objected to one aspect of the R. & R., the Magistrate Judge's conclusion that ground four of the Petition is exhausted.  Despite requesting and receiving an extension of time, Petitioner has neither filed his own objections nor responded to Respondent's.

      The Magistrate Judge did not err in concluding that ground four is exhausted, albeit likely not cognizable on federal habeas review.  (*See* R. & R. at 7-8.)  As she noted, Petitioner did not cite any federal authority to support his claim that the prosecutor's use at trial of certain photographs was unfairly prejudicial, either in the Petition or when he presented the claim to the California Supreme Court.  (*Id*.)

Respondent argues that Petitioner, "a pro se litigant, is presumed to have raised a federal claim in his 2254 form petition" and therefore the claim has not been exhausted because no federal aspect of it was ever raised in state court. (Objs. at 1-2.) Not only has Respondent not cited any law for this proposition,[1] but it belies Respondent's routine, and appropriate, practice of arguing in federal court that a pro se habeas petitioner's claim is not cognizable and must be dismissed because it raises a state-law claim only. Were the court to accept Respondent's position in his Objections, he could never raise that argument again. The court doubts very much that that is what Respondent wants.

Accordingly, having made a de novo review of that portion of the R. & R. to which Respondent objected, the court accepts the Magistrate Judge's findings and recommendations. It therefore is ORDERED that Respondent's motion to dismiss is GRANTED IN PART, Petitioner's stay motion is DENIED, Petitioner's request that his unexhausted claims be dismissed is GRANTED, the portion of ground three of the Petition relating to alleged evidence tampering is DISMISSED, and no later than 45 days from the date of this Order, Respondent must file an answer to the Petition's grounds one, two, and four, and the remaining subclaim of ground three.

IT IS SO ORDERED.

Dated: April 1, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] Respondent does cite law for the unremarkable proposition that a federal habeas claim must rely on federal authority to be exhausted. (*See* Objs. at 1.) However, all of the cases are readily distinguished because none of them involved a petitioner, like Petitioner here, who cited no federal law in either state court or his federal petition.